**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| **FRANKLYN DEVON PRILLERMAN**, | : | |
| | : | |
| | : | |
| Plaintiff | : | **CIVIL ACTION NO.** |
| | : | 13-1414 |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET. AL.,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant | : | |
| _____ | : | |

## O R D E R

AND NOW, this _____ day of _____, 2013, upon consideration of

Defendant's, the City of Philadelphia, Motion to Dismiss, and any response thereto, it is hereby

ORDERED and DECREED that the Motion is GRANTED.  It is further ORDERED that

Plaintiff's Complaint against Defendant is DISMISSED with prejudice.

BY THE COURT:

_____
Rufe, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| **FRANKLYN DEVON PRILLERMAN**, | : | |
| Plaintiff | : | **CIVIL ACTION NO.** |
| | : | 13-1414 |
| v. | : | |
| **CITY OF PHILADELPHIA, ET. AL.,** | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

---

## MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant, the City of Philadelphia, hereby moves for partial dismissal of Plaintiff's Complaint.  In support of this Motion, Defendant incorporates by reference and relies upon the Memorandum of Law filed herewith.

Respectfully submitted,

/s/ *Regina A. Lawrence*
REGINA A. LAWRENCE
*Assistant City Solicitor*
Attorney I.D. No. 314754
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
Regina.Lawrence@phila.gov
Date: November 21, 2013          P: 215-683-5448 / F: 215-683-5397

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
|  :
**FRANKLYN DEVON PRILLERMAN,**  :
|  :
    Plaintiff  :    **CIVIL ACTION NO.**
|  :    13-1414
   v.  :
|  :
**CITY OF PHILADELPHIA, ET. AL.,**  :    **JURY TRIAL DEMANDED**
|  :
    Defendant  :
_____  :

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

### I. Introduction

  Defendant, the City of Philadelphia, by and through its undersigned counsel, hereby file

the following memorandum in support of its Motion to Dismiss Plaintiff's Complaint for failure

to state a claim upon which relief may be granted.

### II. Factual and Procedural Background

  On May 15, 2013, Plaintiff filed a Complaint. See Docket, Doc. 7. Plaintiff's Complaint

alleges that on four different occasions, his rights were violated by at least four different

Corrections Officers who were employed at the Curran Fromhold Correctional Facility

("CFCF"). Id. generally. In his Complaint, Plaintiff names the City of Philadelphia, the

Philadelphia Commissioner of Prisons, Warden at Curran Fromhold, Corrections Officer Sam,

Corrections Officer Coleman, Corrections Officer Lynch, and Corrections Officer Melton. Id.

Plaintiff alleges in Section D of the attachment to his Complaint that Defendant Corrections

Officer Lynch prevented Plaintiff from having "free and unfettered discourse with [his]

attorney," which Plaintiff argues was "consistent with the pervasive and persistent disregard of

the health and welfare as well as the Constitutional Rights" of Plaintiff as a prisoner.  Id.
However, Plaintiff's Complaint contains no causes of action against the City of Philadelphia.  Id.

I.      **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),
the Court must take all allegations contained in the complaint as true and construe them in the
light most favorable to plaintiff.  H. J. Inc. v. Northwestern Bell Tel. Co., 492 U. S. 229, 109 S.
Ct. 2893, 2906 (1989); Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  The
Court should consider the allegations in the complaint, accepting as true the facts alleged in the
complaint and all reasonable inferences that can be drawn from them.  See Markowitz v.
Northeast Land Co., 906 F.2d 808, 812 (3d Cir. 1990).

The United States Supreme Court revisited the long-existing standards of Conley v.
Gibson, 355 U.S. 41 (1957), that applied to reviewing motions to dismiss under Rule 12(b)(6) in
Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  In Twombly, the Supreme Court
rejected the language in Conley, providing that a District Court may not dismiss a complaint
"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
which would entitle him to relief."  Id. at 1968-70.  "[A] plaintiff's obligation to provide the
grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic
recitation of the elements of a cause of action will not do."  Id. at 1964-65 (citing Papasan v.
Allain, 478 U.S. 265, 286 (1986) ("on a motion to dismiss, courts 'are not bound to accept as
true a legal conclusion couched as a factual allegation.'")).

The Third Circuit has addressed the standard for a motion to dismiss in light of Twombly,
and has determined that the following standard applies when considering motions to dismiss:
"courts accept all factual allegations as true, construe the complaint in the light most favorable to

the plaintiff, and determine, whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (To state a claim, a plaintiff must state "enough factual matter (taken as true) to suggest the required element, [which] does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234. In other words, "the allegations of the complaint should plausibly suggest that the pleader is entitled to relief." Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 173 n.7 (3d Cir. 2008).

The Third Circuit has applied its reading of Twombly to a variety of legal claims. In Phillips, supra, a case brought under 42 U.S.C. § 1983, the Court held that Twombly's "plausibility" standard is not restricted to antitrust cases. 515 F.3d at 234. In Wilkerson v. New Media Technology Charter School, Inc., 522 F.3d 315, 322 (3d Cir. 2008), the Third Circuit extended Phillips to an employment discrimination case. Similarly in Sovereign, supra, the Court applied Twombly's plausibility standard and its holding in Phillips to a complaint alleging negligence and breach of contract.

The Supreme Court elaborated on Twombly's plausibility standard in its recent decision in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). To survive a motion to dismiss, Iqbal explains, "a complaint must contain sufficient factual matter," that if accepted as true, states a claim for relief "that is plausible on its face." Id. at 1949.

After Iqbal, the Third Circuit has stated that district courts should conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009). In the first part of the analysis, the factual and legal elements of a claim should be separated. The district court must accept all of the

complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Id.  The tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions.  Iqbal, 129 S.Ct. at 1949.

Second, a district court must determine whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a "plausible claim for relief."  Fowler, 578 F.3d at 211

(citing Iqbal, 129 S. Ct. at 1950).   In other words, a complaint must do more than allege the

plaintiff's entitlement to relief.   A complaint has to "show" such an entitlement with its facts.

As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

'show[n]'—'that the pleader is entitled to relief.'"  Iqbal, 129 S. Ct. at 1950.  This "plausibility"

determination will be "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense."  Id.

**II.**     **Argument**

**A.  Plaintiff has not pled a policy or practice of the City of Philadelphia which violates
    his constitutional rights.**

Plaintiff has failed to plead facts which support a cause of action against the City of

Philadelphia.  To prevail under § 1983 against a municipality, a plaintiff must demonstrate that

the municipality itself, through the implementation of municipal policy or custom, caused the

underlying constitutional violation.  Monell v. Dept. of Social Svcs., 436 U.S. 658 (1978).  The

Supreme Court held in Monell that a municipality will not be held liable on the basis of

*respondeat superior*; it will only be held liable where there is evidence establishing that the

alleged constitutional violation was the result of a municipal policy, custom or practice.  Monell,

supra, 436 U.S. at 691-95.  Plaintiff alleges no facts in his entire Complaint regarding a policy or

custom of the City of Philadelphia.  (See generally Compl.)  Therefore, Plaintiff has failed to

plead a claim upon which relief may be granted against the City of Philadelphia and the City should be dismissed from the suit with prejudice.

**III.** **Conclusion**

Wherefore, for the reasons stated above, the Court should grant Defendants' Motion to Dismiss and Plaintiff's claims against the Moving Defendants should be dismissed with prejudice.

Respectfully submitted,

Date: <u>November 21, 2013</u>                    <u>/s/ *Regina A. Lawrence*   </u>
                                                            Regina A. Lawrence, Esq.
                                                            City of Philadelphia Law Department
                                                            Civil Rights Unit
                                                            1515 Arch Street, 14th Floor
                                                            Philadelphia, PA 19102

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____      :

**FRANKLYN DEVON PRILLERMAN**,                        :
                                                                                :
                              Plaintiff                          :          **CIVIL ACTION NO.**
                                                                                :          13-1414
                              v.                                     :
                                                                                :
**CITY OF PHILADELPHIA, ET. AL.,**                       :          **JURY TRIAL DEMANDED**
                                                                                :
                              Defendant                        :
_____      :

**<u>CERTIFICATE OF SERVICE</u>**

I, Regina A. Lawrence, do hereby certify that on this date, a true and correct copy of

Defendant's Motion to Dismiss Plaintiff's Complaint pursuant Rule 12(b)(6) was

electronically filed and is available for viewing and downloading from the ECF system and a

copy was sent via first-class mail to the following address:

> **To:**   Franklyn Devon Prillerman
>               123 E. Pomona Street
>               Philadelphia, PA 19144

                                                                    Respectfully submitted,

Date: <u>November 21, 2013</u>                        <u> /s/ *Regina A. Lawrence*   </u>
                                                                    Regina A. Lawrence, Esq.
                                                                    City of Philadelphia Law Department
                                                                    Civil Rights Unit
                                                                    1515 Arch Street, 14th Floor
                                                                    Philadelphia, PA 19102