IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANKLYN DEVON PRILLERMAN**    :<br>             **Plaintiff,**                             :<br>                                                                    :<br>**v.**                                                              :      **CIVIL ACTION NO. 13-1414**<br>                                                                    :<br>                                                                    :<br>**CITY OF PHILADELPHIA**, *et al.*           :<br>             **Defendants.**                        :| |

# ORDER

**AND NOW**, this 30th day of March 2015, upon consideration of the Second Motion to Dismiss of Defendants, the City of Philadelphia and Louis Giorla [Doc. No. 23], to which no response has been filed, it is hereby **ORDERED** that the Motion is **GRANTED**.[1]  The claims

---

[1] Plaintiff, who is proceeding pro se, filed suit against the City of Philadelphia, the Philadelphia Commissioner of Prisoners, the Warden of Curran Fromhold Correctional Facility, and several corrections officers. Plaintiff has already amended his complaint once. The City of Philadelphia and the Commissioner have moved to dismiss the amended complaint, asserting that Plaintiff failed to state a policy, custom, or practice necessary to create municipal liability under § 1983, see *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978), and that there is no basis for liability against the Commissioner.  Plaintiff has not responded to the motion, but the Court nevertheless considers the merits of the motion, according to the test articulated by the Third Circuit.  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'"  *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 562 U.S. 662, 675-80 (2009)).

With regard to the City, Plaintiff alleges that Defendant Lynch, a correctional officer, denied Plaintiff "private, free and unfettered discourse" with his attorney during a hearing conducted by videoconference.   Plaintiff further alleges that this denial of his right to counsel occurred because of the City's practice and policy of  1) "using video transmitted court" and 2) "using correction officers to supervise video transmitted court."  The complaint fails to allege sufficient facts from which the Court may infer that these alleged policies, rather than the specific actions of Defendant Lynch, caused the alleged denial of the right to counsel.  Plaintiff also alleges that he was threatened and his food was stolen by an "unmedicated dangerous schizophrenic" placed as a third person in a cell designed to hold two people.  But Plaintiff does not allege that the policy of placing three inmates in a cell creates unconstitutional conditions; instead it is the fact that the cellmate was allegedly schizophrenic that created the danger.  Plaintiff therefore has failed to allege a  policy as to this claim.  Similarly, Plaintiff alleges that a correctional officer maliciously denied Plaintiff access to the toilet in his assigned cell, causing Plaintiff to urinate on himself, an action which Plaintiff attributes to the City's policy of permitting overcrowding in the housing unit.  But Plaintiff alleges that the correctional officer's actions were deliberate and with malice, not that a policy prevented Plaintiff from access to a toilet. Plaintiff therefore has failed to allege a  policy as to this claim as well.  Although Plaintiff fails to state a claim against the City, it is possible that Plaintiff could file an amended complaint that sufficiently alleges a policy or practice that resulted in the denial of his rights, and therefore, the Court will permit the Plaintiff one more opportunity to amend the complaint as to the City.

against Defendant Louis Giorla, Commissioner of Prisons are **DISMISSED WITH PREJUDICE**.  The claims against Defendant City of Philadelphia are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may file an amended complaint as to the City of Philadelphia no later than **April 24, 2015.**

It is so **ORDERED**.

BY THE COURT:

/s/Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

With regard to Defendant Giorla, the Commissioner of Prisons, the law is clear that a supervisor, such as the Commissioner, may be held liable only for his own unconstitutional conduct, not for that of his subordinates. *Barkes v. First Corr. Med., Inc.* 766 F.3d 307, 316 (3d Cir. 2014).  Plaintiff fails to allege any conduct by the Commissioner that violated Plaintiff's rights or knowledge or acquiescence in any violation of Plaintiff's rights, and because there is no suggestion of possible liability against this Defendant, the claims against Defendant Giorla are dismissed with prejudice.