IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FRANKLYN DEVON PRILLERMAN**

        **Plaintiff**              **CIVIL ACTION NO. 13-1414**

v.

**CITY OF PHILADELPHIA, et al**

        **Defendants**

FILED
APR 24 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## AMENDMENT TO PLAINTIFF'S COMPLAINT IN CV-13-1414

## IN RESPONSE TO COURT ORDER OF MARCH 21, 2015

1. Plaintiff asserts Defendant Lynch, a correctional officer acting under color of law, denied him his constitutional rights under the 4th, 8th and 14th Amendment to the U.S. Constitution when she, at the video extradition hearing of 12/11/12, contacted the public defender's office by telephone; then handed the telephone to the plaintiff ordering the plaintiff not to ask the public defender any questions, but to only answer "yes" to questions asked of plaintiff by the public defender.
2. Plaintiff asserts that Defendant Lynch, acting under color of law, ordered the plaintiff not to ask any questions of the public defender during the course of the hearing. As a result plaintiff was denied the right to participate in his own defense or make an informed waiver of his extradition rights.
3. Plaintiff asserts that Defendant Lynch's, acting under color of law, orders were "direct orders" as defined by the "inmate handbook," a violation of which would have resulted in disciplinary action against the Plaintiff, and as such represents coercion and duress in the denial plaintiffs constitutional rights.
4. Plaintiff asserts that Defendant Lynch's orders were also given to the other four prisoners simultaneously in the hearing room at the same time as Plaintiff, which indicates that said orders, as stated in assertions 1 and 2 are a matter of policy and/or

common practice of the city of Philadelphia in its policy/customs of administering video hearings via the Philadelphia Prison system, Curan-Fromhold.

5. Plaintiff asserts that the City of Philadelphia, via inadequate or lack of training of Officer Lynch in the administrating of video hearing as to the constitutional rights of defendants to unfettered access to their attorney's causes the City of Philadelphia to be culpable in this action.

6. Plaintiff asserts that the City of Philadelphia's policy and practice of using video hearings in lieu of prisoner transport without training officers adequately as to the absolute need to protect the constitutional rights of pre-trial detainees is a deliberate effort by the city to reduce cost of the criminal justice administration of the city at the expense of the constitutional rights of the citizens.

7. The Plaintiff asserts where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need. Id. (citing Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir.2003) (internal quotation marks and citations omitted)). A government policy or custom "can be established in two ways."Id. (citing Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir.1990)). The policy of the City of Philadelphia's conducting video hearings without adequate training of its agents and the utter disregard for the constitutional rights of the pre-trial detainees as guaranteed under the 4th, 5th, and 14th amendment is clear.

8. The Plaintiff asserts that the city of Philadelphia has historically engaged in prison overcrowding, quoting federal Judge Surrick

U.S. District Judge R. Barclay Surrick of the Eastern District of Pennsylvania gave the final approval to the settlement Aug. 5.

Surrick said that the latest litigation over conditions of confinement in the PPS appears to be breaking with past history.

"If one were to look at the 40-year history of prison litigation involving conditions in the PPS, one could conclude that plaintiffs face no risk in establishing liability," Surrick said. "Consistently over the years, both state and federal courts have taken the city defendants to task for conditions in the PPS that were caused by overcrowding and that failed to pass constitutional muster. Just three years ago, in *Bowers v. City of Philadelphia* ... we concluded after hearing and after a site visit that conditions at PPS related to overcrowding were unconstitutional.

   a. - See more at: http://thelegalintelligencer.typepad.com/tli/2011/08/federal-judge-approves-phila-jail-overcrowding-settlement.html#sthash.QxulAsNS.dpuf

Pew Charitable Trust Report on Philadelphia Prisons..." To a large extent, the evidence in this report indicates that the

Size of the population of the Philadelphia Prison System is

within the power of policy makers to control—without compromising the fight against crime. It suggests that Philadelphia

can have fewer people in jail, save money and be no less safe.

Some of the factors that dictate the size of the inmate population have also contributed to other problems in the city's

criminal justice system. The same delays that can result in the

guilty going free can keep the accused in custody longer than

is necessary.

9. The Plaintiff asserts that the City of Philadelphia systematically contributes to prison overcrowding by its combined practices of petty arrest for non-violent crimes, setting excessive bails for petty offenses and incarcerating probationers/parolees for minor offenses.
10. The Plaintiff asserts that when housing unit, d22 was designed, it contained two non-cell rooms with bathroom facilities attached to the dayroom. The two spaces were in effect dayroom toilets.
11. The Plaintiff asserts that as a result of the City's policy/practice of prison overcrowding caused the two dayroom toilet spaces to be converted to cells. Consequently leaving no toilets for the dayroom.
12. The Plaintiff asserts that he explained to ofc Milton that he was 63 years old and did not have full control of his bladder and that he needed to go to the toilet. Plaintiff then proceeded to cell a116, in clear view of ofc Milton. Ofc. Milton, sitting at the control board that opens cells, refused Plaintiff access to the toilet for approximately 30 min, until her hourly tour, during which time he had urinated himself.
13. The Plaintiff asserts that the City's policy/practice of inadequate training of ofc Milton and other staff in needs and common conditions of elderly pre-trial detainees can, as in the instant case, result in cruel and unusual punishment. The public humiliation, degradation and embarrassment of the Plaintiff, reminiscent of Abu Graib, were wholly preventable except for the policy/practices of the City towards overcrowding prisons and the actions of ofc. Milton acting under color of law.
14. Plaintiff asserts that the City policy/practice of allowing correctional officers to work 16-20 straight over the course of two or more consecutive days causes correctional officers to be sleep deprived which in turn causes correctional officers to be taciturn, irritable and incapable of carrying out their duties and responsibilities in a professional and constitutional manner.

15. The Plaintiff asserts that he never received the second motion to dismiss and therefore could not respond in a timely manner.

Respectfully submitted,

*Franklyn Prillerman*

Franklyn Prillerman

Plaintiff

## AFFIDAVIT OF PROOF OF SERVICE

I, Franklyn Prillerman, did on April 24, 2015, did deliver by hand a copy of this Amended Complaint to Attorney Armando Brigandi, Divisional Deputy City Solicitor for Philadelphia, to:

Atty. Armando Brigandi

1515 Arch St

14th fl, Civil Rights Unit

Philadelphia PA 19102

This I swear under penalty of perjury.

FILED
APR 24 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Frank Prillerman

_____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FRANKLYN PRILLERMAN**

    PLAINTIFF

v.

**CITY OF PHILADELPHIA, ET. AL.**

    DEFENDANT

CIVIL ACTION NO.

13-1414

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of Defendant's, the City of Philadelphia, Motion to Dismiss, and Plaintiff's, Franklyn Prillerman, response thereto, it is hereby ORDERED and DECREED that this motion is DENIED. It is further ORDERED that Plaintiff's complaint is UPHELD.

BY THE COURT:

_____

Rufe, J