**UNITED STATES DISTRICT COURT**

**EASTERN District OF PENNSYLVANIA**

---

**FRANKLYN DEVON PRILLERMAN Civ. 13-1414**

**Plaintiff**

v.

**CITY OF PHILADELPHIA,**

**Et al**

**Defendant**



**FILED**

JAN 26 2016

MICHAEL E. KUNZ, Clerk
by_____Dep. Clerk

---

## MOTION FOR COURT TO CALL WITNESSES AT REQUEST OF PLAINTIFF

Pursuant to Federal Rules of Evidence-AERTICLE VI. WITNESSES, RULE 614, request the Court call witnesses in the above cited matter.

1. The Plaintiff is pursuing the above cited matter "Pro se" and the claim was initiated while the Plaintiff was in custody. The Plaintiff requested the regular and emergency contact information of Plaintiff's witnesses during Plaintiff's Interrogatories, said information is held by the Defendants

2. Plaintiff has since filed an Addendum to Rule 26(a) to preserve the right to call witnesses revealed by discovery documents. Said witnesses are critical to proving Plaintiff's claim and the pursuit of justice. (See appendix 1)

3. In the interest of justice Plaintiff request the Court exercise its privilege under Rule 614 or;

4. Provide funds for investigating the whereabouts or locating witnesses listed in appendix 1.

Respectfully submitted:

*/s/ Frank Prillerman*

Frank Prillerman, Pro se

Date: January 16, 2016

UNITED STATES DISTRICT COURT

EASTERN DDISTRICT OF PENNSYLVANIA

---

FRANKLYN DEVON PRILLERMAN Civ. 13-1414

Plaintiff

v.

CITY OF PHILADELPHIA,

Et al

Defendant

---

**ADDENDUM TO RULE 26(a) FILING , NON PRO TUNC, DUE TO WITNESSES REVEALED VIA DISCOVERY**

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

1. INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION THAT MAY BE USED TO SUPPORT PRILLERMAN'S CLAIMS:

Plaintiff's initial disclosure is made without the benefit of any discovery and prior to Defendants' answers. Plaintiff reserves the right to amend its disclosures to add additional witnesses.

    A. Individuals associated with Plaintiff

        1. Franklyn D. Prillerman Jr.
           123 E. Pomona St
           Philadelphia, PA 19144

Information includes: full knowledge of dispute

    B. Individuals and Entities Affiliated with Defendants

        1. RAFAEL LUCIANO
           PP# 1092657
           Contact information not provided by defendant despite request. Plaintiff seeks investigatory funds from Court.

knowledge pertaining of interaction with C.O. Melton. Witness to Plaintiff urinating self

2. Michael Dickey
   PID 961856

   Contact information ( regular and emergency) not provided by defendant despite request. Plaintiff seeks investigatory funds from Court or in lieu of funding a Court Order to Defendants to provide requested information

   Witness – present in hearing room at time of Plaintiff's hearing on 12/11/12

3. Shakur Nicholas
   PID # 1053812

   Contact information ( regular and emergency) not provided by defendant despite request. Plaintiff seeks investigatory funds from Court or in lieu of funding a Court Order to Defendants to provide requested information

   Witness: Present in hearing room at time of Plaintiff's hearing on 12/11/12

4. Shannon Harris
   PID# 840711
   Contact information ( regular and emergency) not provided by defendant despite request. Plaintiff seeks investigatory funds from Court or in lieu of funding a Court Order to Defendants to provide requested information

   Witness: Present in hearing room at time of Plaintiff's hearing on 12/11/12

5. Paul Brown
   PID# 977251

   Contact information ( regular and emergency) not provided by defendant despite request. Plaintiff seeks investigatory funds from Court or in lieu of funding a Court Order to Defendants to provide requested information

   Witness: Present in hearing room at time of Plaintiff's hearing on 12/11/12

6. Karl Roseboro
   PID# 977252

   Contact information ( regular and emergency) not provided by defendant despite request. Plaintiff seeks investigatory funds from Court or in lieu of funding a Court Order to Defendants to provide requested information

   Witness: Present in hearing room at Plaintiff's hearing on 12/11/12

7. Anthony Medina
   PID# 1056957

   Contact information ( regular and emergency) not provided by defendant despite request. Plaintiff seeks investigatory funds from Court or in lieu of funding a Court Order to Defendants to provide requested information

   Witness: Present in hearing room at time of Plaintiff's hearing on 12/11/12


Dated: January 16, 2016

By_____

Franklyn D Prillerman

123 E Pomona St

Philadelphia, PA 19144

267-593-1757

### A. Rules 614 and 706

Rule 614 states that the court "may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called."[41] Rule 706 authorizes a court to "appoint expert witnesses of its own selection."[42] Because Rule 614 applies to lay witnesses, it will often be more helpful than would Rule 706 to an indigent litigant's presentation of evidence.[43]

---

indigent in civil litigation in which the United States was a party. *See* United States Marshals Serv. v. Means, 741 F.2d 1053, 1060-62 (8th Cir. 1984) (en banc) (Gibson, J., concurring on additional grounds), *aff'g on other grounds on rehearing* 724 F.2d 642, 646-48 (8th Cir. 1983). *But see* Johnson v. Hubbard, 698 F.2d 286, 290 & n.3 (6th Cir.), *cert. denied*, 104 S. Ct. 282 (1983).

The first paragraph of § 1825 applies only when the United States is a party to the litigation. *See* 28 U.S.C. § 1825 (1982). In such an instance, the United States marshal for the district, on the issuance of an appropriate certificate "shall pay all fees of witnesses." *Id.* The language is unclear on whether the statute is meant to encompass all witnesses or just those on behalf of the United States. The second paragraph provides that on the certificate of the presiding judge in an in forma pauperis proceeding for a writ of habeas corpus or in a proceeding to vacate sentence under § 2255 of title 28, "the United States marshal for the district shall pay all fees of witnesses for the party authorized to proceed in forma pauperis." *Id.* On its face, this second paragraph makes no reference to the first paragraph's requirement that the United States must be a party to the action. *See id.*

In a panel opinion, the Eighth Circuit held that, because the United States was a party to the case, the district court could order the United States Attorney to certify payment of witness fees for an in forma pauperis opponent. *See* United States Marshals Serv. v. Means, 724 F.2d 642, 646-48 (8th Cir. 1983), *aff'd on other grounds on rehearing*, 741 F.2d 1053 (8th Cir. 1984) (en banc). In the opinion the panel dismissed the argument that § 1825 was intended to apply only to criminal trials. *See id.* at 646-47.

Such an interpretation of § 1825 has never been accepted by another court. In fact, when the *Means* case again reached the Eighth Circuit after remand, *see* United States Marshals Serv. v. Means, 741 F.2d 1053 (8th Cir. 1984) (en banc), the court did not even mention § 1825 in the majority opinion. *See id.* Only the two concurring judges, Judge Gibson and Judge Bright, would have affirmed their earlier panel opinion on the same grounds. *See id.* at 1060-63 (Gibson, J., concurring on additional grounds). By arguing that § 1825 applies in civil cases, *id.* at 1061 (Gibson, J., concurring), the concurrence sheds light on the reason the majority refused to base its holding on § 1825.

The legislative history of § 1825 does not support its application to civil cases. The second paragraph of § 1825 was added by amendment in 1965. *See* Act of Sept. 2, 1965, Pub. L. 89-162, 79 Stat. 618 (codified at 28 U.S.C. § 1825 (1982)). The Senate report on the amendment strongly suggests that Congress did not consider § 1825 as it read then nor the proposed amendment as providing for witness fees in civil cases. *See* S. Rep. No. 615, 89th Cong., 1st Sess. 3-4, *reprinted in* 1965 U.S. Code Cong. & Ad. News 2901, 2902-03. The report cited the comptroller general as stating that witness fees were not available in civil cases under § 1825. *See id.*, *reprinted in* 1965 U.S. Code Cong. & Ad. News at 2902-03. The report concluded that "[t]he provisions of [the amendment] would grant legislative approval of current practice." *Id.*, *reprinted in* 1965 U.S. Code Cong. & Ad. News at 2903. This statement conclusively refutes the *Means* panel opinion: First, Congress in 1965 accepted the premise that the first paragraph of § 1825 does not provide "any basis to charge the United States with witness costs in civil proceedings." *Id.*, *reprinted in* 1965 U.S. Code Cong. & Ad. News at 2903. Second, the amendment, which became the second paragraph of § 1825, was not intended to alter this conclusion.

41. Fed. R. Evid. 614(a).
42. Fed. R. Evid. 706(a).
43. Federal Rule of Evidence 702 sets forth when a witness may be called as an ex-

Although it is well settled that under Rule 614 a court may call a witness as its own at the request of a party,[44] only the Eighth Circuit has held that the Rule grants a court the discretion to call lay witnesses on behalf of an in forma pauperis litigant in a civil trial.[45] An examination of the common law basis for the Rule demonstrates that such an exercise of discretion is justified. Prior to the adoption of Rule 614, the common law permitted a court to call witnesses as its own at the request of a party.[46] This practice developed in response to the rule that a party vouched for the credibility of its own witnesses and thus could not impeach them.[47] The court itself could call witnesses to impart relevant testimony that, because of the impeachment bar, might not otherwise be heard.[48] Although the voucher rule was abolished before the adoption of

---

pert: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. Although civil litigants may have a need for specialized expert testimony, more often they will need lay witness testimony. It can be argued that lay witnesses are experts under Rule 702 because their observations are "specialized knowledge . . . [and the] witness [is] qualified . . . by knowledge [and] experience." *Id.* The advisory committee's note to Rule 702, however, endorsed a test to determine when expert testimony is admissible: "[W]hether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." Fed. R. Evid. 702 advisory committee note (quoting Ladd, *Expert Testimony*, 5 Vand. L. Rev. 414, 418 (1952)). Hence, most fact witnesses cannot be characterized as experts. *See* G. Lilly, An Introduction to the Law of Evidence § 104 (1978); C. McCormick, McCormick on Evidence § 13 (3d ed. 1984); 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 702[02] (1984).

44. *See* C. McCormick, *supra* note 43, § 8, at 15-16; 3 J. Weinstein & M. Berger, *supra* note 43, ¶ 614[02], at 614-4 to -6; *see, e.g.,* United States v. Leslie, 542 F.2d 285, 288-89 (5th Cir. 1976) (court may call a witness at the suggestion of a party); United States v. Ostrer, 422 F. Supp. 93, 103 n.11 (S.D.N.Y. 1976) (indicating that court was not required to call witness as its own under Rule 614 because "[n]o application was made" by either party); *see also* Fed. R. Evid. 614(a) advisory committee note (Rule 614 codifies common law notion that court may call witness as its own at request of party).

45. United States Marshals Serv. v. Means, 741 F.2d 1053, 1057-60 (8th Cir. 1984) (en banc).

46. *See, e.g.,* Smith v. United States, 331 F.2d 265, 274 (8th Cir.) (under common law, court called lay witnesses as its own upon request of government), *cert. denied*, 379 U.S. 824 (1964); Fielding v. United States, 164 F.2d 1022, 1023 (6th Cir. 1947) (court refused to call witnesses upon request of a party while indicating that it was within its discretion to do so); People v. Laster, 413 Ill. 224, 230-31, 108 N.E.2d 421, 424 (1952) (court called witness as its own at request of assistant State's Attorney); People v. Johnson, 333 Ill. 469, 471, 473-75, 165 N.E. 235, 236, 237-38 (1929) (though court can call a witness as its own on the request of a party, it is error to do so where the witness' testimony is immaterial); *see also* Fed. R. Evid. 614(a) advisory committee note (Rule 614 codifies common law notion that court may call witnesses as its own at request of party).

47. *See* Fed. R. Evid. 614(a) advisory committee note.

48. *Id.*; *see* United States v. Lutwak, 195 F.2d 748, 754 (7th Cir. 1952) (court may call witness where neither party will vouch for his veracity), *aff'd*, 344 U.S. 604 (1953); Steinberg v. United States, 162 F.2d 120, 124 (5th Cir.), *cert. denied*, 332 U.S. 808 (1947) (same); Chalmette Petroleum Corp. v. Chalmette Oil Dist. Co., 143 F.2d 826, 829 (5th Cir. 1944) (in a civil trial, court called witnesses that parties were unwilling to risk calling); Litsinger v. United States, 44 F.2d 45, 47 (7th Cir. 1930) (court called witness when

Rule 614,[49] the Rule can be applied to analogous situations[50] so that "the judge [will] not [be] imprisoned within the case as made by the parties."[51] When used in a case involving an indigent litigant, Rule 614 should allow the court, in the interests of justice, to expose to the jury relevant evidence that would not otherwise be presented because of the indigent's inability to satisfy the statutory requirement of advancement of fees and expenses to witnesses.[52]

Rule 706 affords the court the advantage of expert testimony.[53] Typically, parties select and pay their own experts.[54] Rule 706 often allows

---

government would not do so because of impeachment bar); Fed. R. Evid. 614(a) advisory committee note.

49. *See* Fed. R. Evid. 607 & advisory committee note.

50. *See* Fed. R. Evid. 614(a) advisory committee note; 3 J. Weinstein & M. Berger, *supra* note 43, ¶ 614[02], at 614-4 to -5.

51. Fed. R. Evid. 614(a) advisory committee note.

52. *Cf.* J. Frank, *supra* note 3, at 94-99 (noting that a litigant is severely handicapped if proceeding without necessary evidence; proposes that impartial government officials should discover and present significant evidence to the courts); Gitelson & Gitelson, *A Trial Judge's Credo Must Include His Affirmative Duty to be an Instrumentality of Justice*, 7 Santa Clara Law. 7, 8 (1966) (trial judge has a duty to call a party's attention to evidence which should have been presented); Comment, *The Trial Judge's Use of His Power to Call Witnesses—An Aid to Adversary Presentation*, 51 Nw. U.L. Rev. 761, 767-68 (1957) (court can call witnesses to clarify evidence presented by parties) [hereinafter cited as *Trial Judge's Power*].

53. A court may call expert witnesses on its own motion or on the motion of any party. Fed. R. Evid. 706 & advisory committee note; *see* C. McCormick, *supra* note 43, § 17, at 43; 2 J. Wigmore, Evidence § 563, at 763-65 (Chadbourn rev. ed. 1979); 2 C. Wright, Federal Practice and Procedure § 452, at 623-24 (2d ed. 1982); *see also* 3 J. Weinstein & M. Berger, *supra* note 43, ¶ 706[01], at 706-6 to -7 (referring to court's right to call expert witnesses).

54. Litigants may select their own expert witnesses. *See* Fed. R. Evid. 706(d); 2 C. Wright, *supra* note 53, § 453, at 626. For a discussion of the common law roots of expert witnesses, see Hand, *Historical and Practicial Considerations Regarding Expert Testimony*, 15 Harv. L. Rev. 40 (1901). Experts are entitled to the statutorily required fees of § 1821. *See* 28 U.S.C. § 1821 (1982). Section 1821's reference to witnesses, *see* 28 U.S.C. § 1821 (1982), encompasses both lay and expert witnesses. *See, e.g.,* Quy v. Air Am., Inc., 667 F.2d 1059, 1063-64 (D.C. Cir. 1981) (expert witness authorized to receive fees in the amount allowed under § 1821); Illinois v. Sangamo Constr. Co., 657 F.2d 855, 865 (7th Cir. 1981) (same); Adams v. Carlson, 521 F.2d 168, 172 (7th Cir. 1975) (same). Fees for experts, however, are usually set by contract between the litigant and the witnesses. *See* Sink, *The Unused Power of a Federal Judge to Call His Own Expert Witnesses*, 29 S. Cal. L. Rev. 195, 198-99 (1956). Expert witness fees can be very expensive. *See, e.g.,* Illinois v. Sangamo Constr. Co., 657 F.2d 857, 863 ($9,777.98 in expert witness fees); Burgess v. Williamson, 506 F.2d 870, 879-80 (5th Cir. 1975) ($20,000 in expert witness fees); Brager & Co. v. Leumi Sec. Corp., 530 F. Supp. 1361, 1363-64 (S.D.N.Y.) (accounting firm preparing as expert witness had charges of $177,888), *aff'd*, 697 F.2d 288 (2d Cir. 1982). *See generally* H. Drinker, Legal Ethics 75-76 (1953) (witness may receive compensation in excess of statutory fees); Comment, *Compensation of Witnesses by Lawyers*, 1 J. Legal Prof. 149 (1976) (general discussion of compensation for witnesses).

Selection and payment of experts by litigants raise the suspicion that expert witness testimony will be biased. *See* C. McCormick, *supra* note 43, § 17, at 42 (party is "naturally . . . interested in finding, not the best scientist, but the 'best witness' "); 2 J. Wigmore, *supra* note 53, § 563, at 762 ("paid partisan experts"); Morgan, *Suggested Remedy For Obstructions To Expert Testimony By Rules Of Evidence*, 10 U. Chi. L. Rev. 285, 286, 293 (1943) (the expert has become an advocate rather than a witness, and the witness

Appendix 3

1. Federal Rules of Evidence > ARTICLE VI. WITNESSES

# Rule 614. Court

**(a) Calling.** The court may call a witness on its own or at a party's request. Each party is entitled to cross-examine the witness.

**(b) Examining.** The court may examine a witness regardless of who calls the witness.

**(c) Objections.** A party may object to the court's calling or examining a witness either at that time or at the next opportunity when the jury is not present.

NOTES

(Pub. L. 93–595, §1, Jan. 2, 1975, 88 Stat. 1937; Apr. 26, 2011, eff. Dec. 1, 2011.)

NOTES OF ADVISORY COMMITTEE ON PROPOSED RULES

*Subdivision (a).* While exercised more frequently in criminal than in civil cases, the authority of the judge to call witnesses is well established. McCormick §8, p. 14; Maguire, Weinstein, et al., Cases on Evidence 303–304 (5th ed. 1965); 9 Wigmore §2484. One reason for the practice, the old rule against impeaching one's own witness, no longer exists by virtue of Rule 607, *supra*. Other reasons remain, however, to justify the continuation of the practice of calling court's witnesses. The right to cross-examine, with all it implies, is assured. The tendency of juries to associate a witness with the party calling him, regardless of technical aspects of vouching, is avoided. And the judge is not imprisoned within the case as made by the parties.

*Subdivision (b).* The authority of the judge to question witnesses is also well established. McCormick §8, pp. 12–13; Maguire, Weinstein, et al., Cases on Evidence 737–739 (5th ed. 1965); 3 Wigmore §784. The authority is, of course, abused when the judge abandons his proper role and assumes that of advocate, but the manner in which interrogation should be conducted and the proper extent of its exercise are not susceptible of formulation in a rule. The omission in no sense precludes courts of review from continuing to reverse for abuse.

*Subdivision (c).* The provision relating to objections is designed to relieve counsel of the embarrassment attendant upon objecting to questions by the judge in the presence of the jury, while at the same time assuring that objections are made in apt time to afford the opportunity to take possible corrective measures. Compare the "automatic" objection feature of Rule 605 when the judge is called as a witness.

COMMITTEE NOTES ON RULES—2011 AMENDMENT

The language of Rule 614 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility.