IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANKLYN DEVON PRILLERMAN

    Plaintiff

v.

CITY OF PHILADELPHIA, ET AL..,

    Defendant

CIVIL ACTION NO.

13-1414

JURY TRIAL DEMANDED

FILED

FEB - 9 2016

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## RESPPONSE TO AFFIRMATIVE DEFENSES OF CORRECTION OFFICER SYLVIA MELTON

**1. Defendant asserts the Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.**

Answer: Section 1983 provides a cause of action against persons acting under color of law who have violated rights guaranteed by the Constitution. See <u>Buckley v. City of Reading, 66 F.3d 188, 190 (9th Circuit. 1995); Demsey v. Kupperman, 755 F.2d 1139, 1146 (9th Cir. 1984).</u> Punitive damages are available under Section 1983. <u>See Pac. Mut. Life ins. Co. v. Haslip, 499 U.S. 1,17 (1991); Kentucky v. Graham, 473 U.S. 159,167 n.13 (1985); Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005);</u> Punitive damages are available even when the plaintiff is unable to show compensable injury. See <u>Smith v. Wade, 461 U.S. 30, 55 n.21 (1983; Mendez v. County of San Bernadino, 540 F.3d 1109, 1120 (9th Cir 2008)</u>

**2. Defendant asserts the Plaintiff's claims are barred by the doctrine oOf qualified immunity because, at all times material hereto, the Defendant was carrying out his duties in a proper and lawful manner and in exercise of good faith**

Answer: Whether the defendant violated a constitutional right and whether the right was clearly established at the time of the violation are pure legal questions for the Court. See <u>Serrano v. Francis,345 F.3d 1071, 1080 (9th Cir 2003): Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir 2003); kennedy, 439 F.3d at 1059-60( explaining that whether a clearly established constitutional right was violated is an abstract issue of law relating toqualified immunity")</u> However, if a genuine issue of material fact exists that prevents a determination of *qualified immunity* at summary judgment, the case must proceed to trial."<u>Serrano, 345 F.3d at 1077;</u> see also <u>Martinez, 323 F.3d at 1183-85 (</u>holding that the district court

erred by granting summary judgment where there were genuine issues of material fact regarding the reasonableness inquiry of the second *Saucier* prong)

**2. Defendant asserts the Plaintiff's claims are barred, in part or in whole, by his failure to comply with the provisions of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. section 1997e(a), including but not limited to, the provision requiring exhaustion of all administrative remedies before commencing a federal suit.**

Answer: Plaintiff did file a formal grievance stating his claims on 1/13/13 in accordance with procedures detailed in "inmate handbook". However, Plaintiff was transferred from the facility on same day of 1/13/13. The defendant's knew Plaintiff's whereabouts and could have responded to Plaintiff's grievance, but failed to do so. It was impossible for Plaintiff to appeal a non-response on the part of the Defendants. As a result Plaintiff has satisfied the "exhaustion of administrative remedies" as required bi PLRA. See *Taylor v. Barrett 105 Supp 2d 483*. The PLRA requires exhaustion only of those administrative remedies "as are available," the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable" *Nunez, 591 F.3d at 1223-26 (holding that Nunez's failure to timely exhaust his administrative remedies was excused because he took reasonable and appropriate steps to exhaust claims and was precluded from exhausting not through his own fault but by the warden's mistake) Sapp, 623 F.3d at 822-23*

Respectfully submitted:

Frank Prillerman

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANKLYN DEVON PRILLERMAN

    Plaintiff

v.

CITY OF PHILADELPHIA, ET AL.,

    Defendant

CIVIL ACTION NO.

13-1414

JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I, Franklyn Prillerman, do hereby certify that on this date a correct copy of Plaintiff's Response to Affirmative Defenses was sent via first class mail to:

Kristen Davis
City of Philadelphia Law Department
Civil Rights Unit
\1515 Arch St, 14th fl
Philadelphia, PA 19102

Date: February 4, 2016

Respectfully submitted,

/s/ Franklyn D. Prillerman
123 E. Pomona St.
Philadelphia, PA 19144