IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKLYN DEVON PRILLERMAN<br>Plaintiff, | : <br> : <br> : | CIVIL ACTION <br><br> 13-1414 |
| vs. | : <br> : | |
| CITY OF PHILADELPHIA, et al.,<br>Defendants. | : <br> : | |

## ORDER

And now, this _____ day of _____, 2016, upon consideration of Defendants, City of Philadelphia, Correction Officer Tanya Lynch and Correction Officer Sylvia Melton, Motion for Summary Judgment, and Plaintiff's response thereto, it is hereby **ORDERED and DECREED** that Defendants' Motion for Summary Judgment is granted and all of Plaintiff's claims are **DISMISSED** with prejudice.

BY THE COURT:

_____
Rufe, J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLYN DEVON PRILLERMAN<br>Plaintiff,<br><br>vs.<br><br>CITY OF PHILADELPHIA, et al.,<br>Defendants. | CIVIL ACTION<br><br>13-1414 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Defendants City of Philadelphia, Correction Officer Tanya Lynch and Correction Officer Sylvia Melton ("Defendants"), by and through the undersigned counsel, hereby file this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Honorable Court's Policies and Procedures.

**I.   Issues and Subissues**

1. No reasonable jury could find that Plaintiff has met his burden of showing that he suffered a physical injury as is required by the Prisoner Civil Rights Litigation Reform Act. No action may be brought by a prisoner for mental or emotional injury without a showing of physical injury while incarcerated. 28 U.S.C. § 1346(b)(2).

2. No reasonable jury could find that Plaintiff has met his burden of showing that the Defendants violated his First or Sixth Amendment rights. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed either on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or otherwise called into

question by a federal court. 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under s. 1983. Preiser v. Rodriguez, 411 U.S. 475 (1973).

   3. No reasonable jury could find that Plaintiff has met his burden of showing that the Defendants violated his Eighth Amendment rights. Plaintiff must show that the deprivation caused by the prison official's act is serious enough to result in the denial of the minimal civilized measure of life's necessities. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

   4. No reasonably jury could find that Plaintiff met his burden of showing that a policy or custom, employed by the City of Philadelphia, was the proximate cause of Plaintiff's injury. Plaintiff must show that a particular policy or custom caused Plaintiff's injury. Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007).

## II.    Absence of Legally Sufficient Evidentiary Basis

Pursuant to Federal Rule of Civil Procedure 11, the undersigned counsel affirm that there is no legally sufficient evidentiary basis to support Plaintiff's claims against the Defendants with respect to the issues set forth above.

## Statement of Stipulated Facts[1]

1. In 2010, Plaintiff was placed on probation following a conviction in the State of Arkansas. After being placed on probation in Arkansas, Plaintiff returned to Philadelphia, Pennsylvania.

---

[1] As is required by Your Honor's Policies and Procedures, the parties have agreed to a concise set of facts for the *exclusive purpose* of Defendant's Motion for Summary Judgment only.

2. On November 29, 2012, Plaintiff was arrested for violation of his Arkansas probation. Plaintiff was incarcerated at Curran-Fromhold Correctional Facility while awaiting his extradition hearing in the City and County of Philadelphia, Pennsylvania.

3. The Philadelphia Prison System followed Philadelphia Prison Policy Number 1.G.3 (2000) when conducting video conferencing between inmates and agencies and agents of the criminal justice system.

4. On December 11, 2012, Plaintiff participated in a video conference extradition hearing. Plaintiff was taken to the video conference hearing room at Curran-Fromhold Correctional Facility where he was instructed by Correction Officer Lynch to speak to his attorney via telephone.

5. Correction Officer Lynch instructed Plaintiff to only say "yes" to questions posited by his attorney during their telephone conversation.

6. Plaintiff spoke to his attorney, via telephone, in a room with other inmates as well as Correction Officer Lynch.

7. The telephone conversation with Plaintiff's attorney occurred before his video hearing was initiated with the assigned Judge.

8. When the video conference began, Plaintiff was colloquied, on the record, regarding his decision to waive extradition.

9. On December 11, 2012, Plaintiff was in the day room, locked out of his personal cell, at Curran-Fromhold Correctional Facility while participating in recreational time.

10. Plaintiff informed Correction Officer Sylvia Melton that he had to urinate and Plaintiff asked if Officer Melton would open his cell so that he could use the toilet.

11. Correction Officer Sylvia Melton did not open Plaintiff's cell immediately upon Plaintiff's request.

12. Plaintiff urinated himself.

13. Within five to ten minutes, Officer Melton conducted a tour and the cells were opened.

14. Upon entering his cell, Plaintiff changed his clothing.

**Relief Requested**

**WHEREFORE**, the Defendants respectfully request that this Court grant their motion for summary judgment and enter judgment in favor of the Defendants as a matter of law.

Respectfully submitted,

Date: April 11, 2016

*Kristen M. Davis*
Kristen M. Davis
Assistant City Solicitor
Pa. Attorney ID No. 312680
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
Kristen.davis@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKLYN DEVON PRILLERMAN<br>Plaintiff,<br><br>vs.<br><br>CITY OF PHILADELPHIA, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>13-1414 |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of Defendants' Motion for Summary Judgment to be filed electronically, such that the Motion is available for viewing and downloading from the ECF System of the U.S. District Court for the Eastern District of Pennsylvania. I also certify that a copy of Defendant's Motion for Summary Judgment has been sent to Plaintiff, via certified mail, to the following address:

        FRANLKYN DEVON PRILLERMAN
        123 E. Pomona Street
        Philadelphia, PA 19144

Date: April 11, 2016

        */s/ Kristen M. Davis*
        Kristen M. Davis
        Assistant City Solicitor
        Pa. Attorney ID No. 312680
        City of Philadelphia Law Department
        1515 Arch Street, 14th Floor
        Philadelphia, PA 19102
        (215) 683-5445
        Kristen.davis@phila.gov