# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLYN DEVON PRILLERMAN** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | **13-1414** |
| vs. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |
| | : | |

# ORDER

And now, this _____ day of _____, _____, upon consideration of Defendants City of Philadelphia, Correction Officers Tanya Lynch and Sylvia Melton's Motion for Summary Judgment, Plaintiff's response thereto, and Defendants reply, it is hereby **ORDERED and DECREED** that Defendants' Motion for Summary Judgment is granted and all of Plaintiff's claims are **DISMISSED** with prejudice.

BY THE COURT:

_____
Rufe, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLYN DEVON PRILLERMAN** : | **CIVIL ACTION** |
| Plaintiff, : | |
| : | **13-1414** |
| vs. : | |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |
| : | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

Defendants City of Philadelphia, Correction Officers Tanya Lynch and Sylvia Melton ("Defendants"), by and through the undersigned counsel, hereby file this reply to Plaintiff's response to Defendants' Motion for Summary Judgment[1] pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Honorable Court's Policies and Procedures.

Defendants have made their best effort to interpret and respond to Plaintiff's allegations, despite the lack of supporting evidence and conclusory language used in Plaintiff's Response. Defendants hereby respond to each cause of action that could be delineated from Plaintiff's filing in turn.

---

[1] On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. See id. at 321, n.3; First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987). In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex, 477 U.S. at 322-24. The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion. See Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989). Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." Schwartz v. Hospital of Univ. of Pa., 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993). Furthermore, "[p]laintiff cannot simply reassert factually unsupported allegations in its pleadings." Poles v. St. Joseph's Univ., 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing Celotex, 477 U.S. at 325).

1. **ALL CLAIMS FAIL UNDER THE PRISON LITIGATION REFORM ACT**
   a. **Plaintiff fails to establish an actual injury**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), provides a limitation on the award of monetary damages: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Third Circuit has routinely held the physical injury requirement of § 1997e(e) requires an inmate to prove more than a *de minimis* physical injury. Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003); Michel v. Levinson, 437 Fed. Appx. 160, 163-164 (3d Cir. 2011). Absent showing of more than *de minimis* physical injury, an inmate may not be awarded compensatory damages for mental or emotional injuries, even if there exists physical manifestation of the mental injuries. Davis v. Dist. of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998).

When an inmate can demonstrate only *de minimis* physical injury, or no physical injury at all, the inmate is limited to an award of nominal damages. Mitchell, 318 F.3d at 533; Salley v. Pa. Dep't of Corr., 181 Fed. Appx. 254, 263 (3d Cir. 2006).

While there has been no bright line rule developed as to what constitutes a *de minimis* injury, courts have held the following types of injury to be *de minimis*:[2]

- Headaches, stomach cramps, chest pain, nervousness, and worry, Ellis v. United States, Civ. No. 08-160, 2009 U.S. Dist. LEXIS 89392, at *6-7 (W.D. Pa. Sept. 28, 2009);

- Bruising, Dixon v. Toole, 225 Fed. Appx. 797, 799 (11th Cir. 2007);

---

[2] These cases include injuries deemed *de minimis* under both the PLRA and the Federal Tort Claims Act because the Third Circuit has held that the damages limitation provisions in these acts are so similar that courts may rely on cases dealing with either statute in interpreting what is considered a *de minimis* injury. Tsosie v. Bureau of Prisons, 2012 U.S. Dist. LEXIS 138995 at *1011 (M.D. Pa. Sept. 27, 2012) (citing Perez v. United States, 271 F. Appx. 240, 242 (3d Cir. 2008); 28 U.S.C. §1997e(e).

- Tsosie v. Bureau of Prisons, 2012 U.S. Dist. LEXIS 138995, at *10-11 (M.D. Pa. Sept. 27, 2012) (citing Perez v. United States, 271 F. Appx. 240, 242 (3d Cir. 2008);  28 U.S.C. § 1346(b)(2); 42 U.S.C. § 1997e(e).

- Painful and difficult bowel movements, Tsosie v. Bureau of Prisons, 2012 U.S. Dist. LEXIS 138995, at *11-12 (M.D. Pa. Sept 27, 2012);

- Foot fungus, nose sores, and constipation, Canell v. Multnomah Cnty, 141 F.Supp.2d 1046, 1053-1054 (D. Or. 2001);

- Diarrhea, memory loss, dizziness, and fatigue, Ellerbe v. Unites States, Civ. No. 09-2226, 2011 U.S. Dist. LEXIS 105854, at *5 (N.D. Ohio Sept. 19, 2011);

- Back pain, leg pain, and canker sores, Oliver v. Keller, 289 F.3d 623, 629 (9th Cir. 2002)

- Itching¸ Robinson v. Corr. Corp. of America, 14 Fed. Appx. 382, 383 (6th Cir. 2001);

- Insect bites, and exposure to rodents and rodent feces, Whitlock v. Director TDCJ-CID, Civ. No. 10-137, 2010 U.S. Dist. LEXIS 140236, at *14 (E.D.Tex. Dec. 15, 2010);

- Anxiety, nausea, and nightmares, Chatham v. Adcock, 334 Fed. Appx. 281, 285 (11th Cir. 2009)

- Exposure to fecal pathogens, Mitchell v. Horn, Civ. No. 98-4742, 2005 U.S. Dist. LEXIS 8139, at * 4-5 (E.D. Pa. May 5, 2005) (Ludwig, J.)

In the instant action, Plaintiff's injuries are insufficient to clear the PLRA's *de minimis* injury hurdle. Plaintiff alleges that he was harmed as "an American citizen, I had a right to talk to my lawyer, I had a right to participate in my own defense, and there is the harm. And it's significant harm." (See Plaintiff's Deposition, 47:7-10). Plaintiff further alleges that he experienced "embarrassment and humiliation" when he urinated on himself in the dayroom. (See Plaintiff's Deposition, 58:11). Plaintiff does not allege that he suffered *any* actual physical injury. The only injury that Plaintiff identifies is a general feeling of harm and embarrassment. Neither emotional response to prison life amounts to an injury, under the PLRA, therefore Plaintiff is barred from recovering compensatory damages by § 1997e(e).  (See Allah v. Al-Hafeez, 226 F.3d 247 (2000) barring the plaintiff's claim for compensatory damage where the only injury that could form the basis for an award would be mental and/or emotional injury.)

Furthermore, Plaintiff cannot recover punitive damages for his alleged injury. Punitive damages may be awarded under 42 U.S.C. s. 1983 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federal protected rights of others". Smith v. Wade, 461 U.S. 30, 56 (1983). Under the scenario that Plaintiff alleges, no reasonable jury could find that either Defendant Melton or Defendant Lynch acted with "evil motive or intent". There is no allegations, nor evidence, that either Defendant acted with malice or callous indifference. As such, Plaintiff is barred from recovering punitive damages.

### b. Plaintiff has failed to exhaust all administrative remedies available to him

The PLRA mandates that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion requires an inmate to follow the prison's grievance system. Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). "[A] prisoner's failure to follow the procedural requirements of the administrative remedies process bars the prisoner from bringing a claim in federal court." Id. at 227-32. The Third Circuit has held that the bar will apply where the plaintiff has not fully availed himself to the procedures available to him, including *all appeals*. Spruill v. Gillis, 372 F.3d 218, 230-232 (3d Cir. 2004) (emphasis added).

The record in the case at bar contains evidence from Plaintiff that he filed one grievance related to his allegations in this case. (See Plaintiff's Complaint Docket No. 7; Plaintiff's Deposition 49: 16-24, 50: 1-2). However, there is no evidence that Plaintiff availed himself of **all levels** of administrative review. There is no evidence that plaintiff even followed up on his grievance, let alone appealed any determination made, with regard to his grievance, to the Warden, or to the Commissioner; all of which is required under Prison Policy 3.F.10. (See Exh. A: PPS Policy 3.F.10 at pp. 3199-3200.) Plaintiff cannot sustain his burden of proving that he exhausted his prison remedies. His claims are thus barred by the Prison Litigation Reform Act. All further arguments put forth by the Defendants are argued in the alternative.

### 2. PLAINTIFF'S FIRST OR SIXTH AMENDMENT CLAIM FAILS

Plaintiff asserts that he was instructed by Correction Officer Tanya Lynch to only respond "yes" to questions from Plaintiff's lawyer. Plaintiff asserts that this type of interference by Correction Officer Lynch amounted to a violation of his First or Sixth Amendment.

Defendant's address both possible Constitutional violations because Plaintiff does not identify which right he is claiming was violated.

The First and Fourteenth Amendment extends a right of access to the courts for prisoners. Monroe v. Beard, 536 F.3d 198, 205-206 (3d Cir. 2008). If a prisoner asserts that some action

inhibited his access to court, he must be able to show two things. First, the prisoner must show that he suffered an actual injury and second, he has no other remedy for the lost claim other than a denial-of-access suit. Id.

There are two recognized categories of denial of access to courts. Christopher v. Harbury, 536 U.S. 403 (2002). One is a systemic official action that frustrates a prisoner's ability to prepare and file suits. Id. at 413. (See also Bounds v. Smith, 430 U.S. 817 (1977), holding that prisoner's must have access to a law library to prepare for a case.) (See also Lewis v. Casey, 518 U.S. 343 (1996), holding than a reader must be available for an illiterate prisoner in preparing and filing suits.) This category of claims can be remedied by the removal of the frustrating condition. Id.

The second category covers cases that cannot now be tried, no matter what official action may be taken in the future. Id. at 414. (See Bell v. Milwaukee, 746 F.2d 1205, 1261 (1984); plaintiff loss an opportunity to sue; See also Sewkel v. River Rough, 119 F.3d 1259, 1261 (1997); plaintiff loss the opportunity to seek a particular order of relief).

In either access to court claim category the Court has made clear that "the right [access to courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher at 415.

In the present case, Plaintiff has no underlying claim. Plaintiff was convicted of a felony offense in a separate state. (Statement of Stipulated Facts ¶ 1) Upon his arrest, he was simply extradited to the convicting state. Pennsylvania had no part in the conviction, or later, incarceration of Plaintiff. Plaintiff suffered absolutely no loss, recognized by the courts, as is required under the access to courts progeny.

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy

the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S.C.A. Const. Amend. VI.

The right to an attorney attaches in the "critical stages in the criminal justice process" when the state commits to prosecuting its case. Maine v. Moulton, 474 U.S. 159, 170 (1985). Indeed, "the right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." Kirby v. Illinois, 406 U.S. 682, 688 (1972).

While there is no United States Supreme Court case law addressing whether an extradition proceeding is an "adversary judicial proceeding", triggering the Sixth Amendment right to counsel, the Circuit Courts have addressed the issue. The Second Circuit determined that an extradition proceeding is not a criminal proceeding, but rather a civil proceeding related to a criminal proceeding in another jurisdiction. United States v. Yousef, 327 F.3d 56, 142, fn. 66 (2003). The Ninth Circuit found that no right to counsel attached at an extradition hearing. Anderson v. Alameida, 397 F.3d 1175, 1180 (2005), United States v. Pace, 833 F.2d 1307, 1312 (1987). The Seventh and Eighth Circuit have concluded that an extradition hearing is not considered a criminal proceeding requiring the guarantee of the Sixth Amendment right to counsel. DeSilva v. DiLeonardi, 181 F.3d 865, 868-869 (1999), Chewning v. Rogerson, 29 F.3d 418, 420 (1994).

Beyond the consistency between the Circuits of holding that an extradition proceeding is not the kind of "adversary judicial proceeding" requiring the Sixth Amendment right to counsel, the purpose of interstate extradition supports the conclusion that counsel is not required at an

extradition hearing. "Interstate extradition was intended to be a summary and mandatory *executive* proceeding derived from the language of Art. IV, § 2, cl. 2, of the Constitution." Biddinger v. Commissioner of Police, 245 U.S. 128, 132-133 (1917), emphasis added. "The Clause never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditional intervening between the initial arrest and trial." Michigan v. Doran, 439 U.S. 282, 288 (1978).

Plaintiff had no Constitutional right to an attorney during his extradition hearing. While the prison system afforded him one, they were not required to. Since Plaintiff has no Constitutional right to an attorney during his extradition hearing, it would be impossible for Defendants to violate a right that Plaintiff doesn't enjoy.

### 3. PLAINTIFF'S EIGHTH AMENDMENT CLAIM FAILS

Plaintiff asserts that Defendant Melton's refusal to open his cell, so that Plaintiff could urinate in the toilet in his cell, violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment protects prisoners from cruel and unusual punishment. Not all flawed conditions rise to a violation of a prisoner's Eighth Amendment rights. Rhodes v. Chapman, 452 U.S. 337, 249 (1981). To assert a claim under the 8th Amendment a prisoner must meet an objective and a subjective test. Wilson v. Seiter, 501 U.S. 294, 298 (1991). In order to meet the objective standard, a prisoner must show that the alleged deprivation, or flawed condition, is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To meet the subjective standard, "a prisoner must demonstrate 'that he is incarcerated under conditions posing a substantial risk of serious harm' and that prison officials possessed a 'sufficiently culpable state of mind' and demonstrated 'deliberate indifference' to the prisoner's health or safety". Allah v. Ricci, 532 Fed. Appx. 48, 51 (2013) quoting Farmer at 834.

With regard to the objective test, which is the first inquiry, it must be said that extreme deprivations are required to make out an Eight Amendment claim. Routine discomfort is a "part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillan, 503 U.S. 1, 9 (1992).

The Third Circuit determined that a fifteen to twenty minute wait to access a toilet did not amount to a sufficiently serious deprivation of the minimal civilized measure of life's necessities, under the Eighth Amendment. Steawrt v. Carano, 601 Fed. Appx 107,110 (2015). In arriving at their conclusion, the Circuit Court distinguished plaintiff's claim in Stewart to plaintiff's claim in Young. In Young v. Quilan, the Court found that the conditions plaintiff endured were objectively serious enough to rise to the level of sufficiently serious under the Eigth Amendment. 960 F.2d 351, 359-360 (1992). In Young, plaintiff was housed in a cell for four days; allowed to leave his cell once a day to use the bathroom; was not provided toilet paper; could not wash his hands before eating, even though he was suffering from diarrhea; wasn't provided drinking water; was told to drink his own urine and was threatened with being chained to a steel slab if he complained about the conditions. Id. Furthermore, plaintiff in Young was not provided a urinal for 29 hours at one point. Id. at 365.

Having not found that plaintiff met the first prong of the Eighth Amendment analysis, the court in Stewart did go on to say that the practice of making an inmate wait fifteen minutes to use a bathroom did not demonstrate deliberate indifference, on the part of the prison officials, to an "unnecessary and wanton inflict of pain". Id.

In the case at bar, Plaintiff alleges that he had to wait for Defendant Melton to conduct a tour of the cell block before he could enter or exit his cell during recreation time. (See Plaintiff's Deposition 53:20-24, 54: 1-3). The length of time between tours varied but was

generally between thirty minutes to an hour. (See Plaintiff's Deposition 54: 4-9). Plaintiff alleges that, on December 11, 2012, while he was participating in recreation time outside of his cell, he asked Defendant Melton to open his cell so that he could use the bathroom. (See Plaintiff's Deposition 51:3-9). Plaintiff alleges that Defendant Melton ignored his request. (See Plaintiff's Deposition 51:9). Plaintiff requested, again, for Defendant Melton to open his cell so that he could use the bathroom. (See Plaintiff's Deposition 51:21-23). Plaintiff alleges that Defendant Melton again ignored his request. (See Plaintiff's Deposition 51:23). Plaintiff was standing outside of his cell when he urinated himself. (See Plaintiff's Deposition 52:3-11). Within five to ten minutes, Defendant Melton conducted a tour of the cell block and Plaintiff was allowed back into his cell. (See Plaintiff's Deposition 52: 12-14).

Plaintiff's allegations are, essentially, the same as in Stewart. Plaintiff in Stewart claimed that he had to wait fifty to twenty minutes to use the bathroom, because the officers were conducting an inmate count. Here, Plaintiff alleges the exact same thing. Except in Plaintiff's scenario, rather than waiting fifteen to twenty minutes, Plaintiff would have only had to wait five to ten minutes before Defendant Melton could have opened his cell. The type of deprivation that Plaintiff complains of does not arise to a sufficiently serious deprivation under the Constitution. While Plaintiff may think that unfettered access to the toilet twenty four hours a day, seven days a week is the only way to comport with the Constitution, the Third Circuit has disagreed.

Beyond the objective standard requiring a "sufficiently serious" deprivation of "minimal civilized measure of life's necessities", Plaintiff cannot prove the subjective standard as is required to make out an Eighth Amendment claim. Plaintiff has adduced no evidence that being unable to use the bathroom in between Defendant Melton's tour of the cell block posed a substantial risk of serious harm to Plaintiff. Plaintiff alleges no medical condition that would be exacerbated as a result of not being able to use the bathroom. Furthermore, Plaintiff has adduced

no facts or evidence to support a conclusion that Defendant Melton had a "culpable state of mind", one that demonstrated a "deliberate indifference" to Plaintiff's health or safety. Plaintiff adduced no evidence that urinating himself posed a threat to his health or safety nor that Defendant Melton knew of the threat and simply disregarded it. While it may be unpleasant to urinate on one's self, such displeasure is "part of the penalty that criminal offenders pay for their offenses against society".

### 4. PLAINTIFF'S MONELL CLAIM FAILS

To defeat a motion for summary judgment, Plaintiff must demonstrate evidence that establishes all the elements of municipal liability. Bergdoll v. City of York, 515 Fed.Appx. 165, 172 (3d Cir. 2013); Maloney v. City of Reading, 201 Fed.Appx. 813, 855 (3d Cir. 2006). To prevail against the City, Plaintiff must first prove that his constitutionally-protected rights have been violated. Based on the above analysis, Defendants contend that Plaintiff can not prove that his constitutionally-protected rights have been violated.

Assuming, *arguendo*, that Plaintiff has proven a constitutional violation, he bears an additional burden before he can prevail on a §1983 claim against the City of Philadelphia. Plaintiff must also prove that the alleged violation resulted from a municipal "custom" or "policy" of deliberate indifference to rights of citizens. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694-95 (1978); Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

It is well-settled that a municipality potentially is liable under §1983 only if plaintiff can prove that city employees were executing an officially adopted policy declared by City officials; or that the employees were acting pursuant to an officially adopted custom of the municipality. Monell, 436 U.S. 658. Plaintiff must prove that the execution of a governmental policy, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

policy, inflicted the injury. Id. at 694. A municipal "custom" within the meaning of Section 1983 are practices engaged in by state officials that are *so permanent and well-settled as to constitute a `custom or usage' with the force and effect of law*. Id. at 691 (emphasis added). Plaintiff has failed to adduce sufficient evidence to maintain a Monell claim against the City.

Assuming *arguendo* Plaintiff can produce such evidence, Plaintiff bears the additional burden of proving that a municipal policy was the "moving force" behind his injuries. Bryan County v. Brown, 520 U.S. 397, 407-08 (1997). Plaintiff must prove that it is more likely than not that the alleged unconstitutional policy, custom, or practice caused his injuries. Simmons v. City of Philadelphia, 947 F.2d 1042 (3d Cir. 1991), cert. denied, 112 S.Ct. 1671 (1992); Jett v. Dallas Independent School District, 491 U.S. 701 (1989).

Here, Plaintiff bases his Monell claim on a failure to train theory of liability. However, Plaintiffs' claims fail because he cannot demonstrate any evidence that a municipal policymaker was deliberately indifferent to the constitutional rights of citizens and that such indifference caused the alleged constitutional violations. In City of Canton v. Harris, the Supreme Court discussed a municipality's potential liability under §1983 for an alleged failure to properly train its employees. 489 U.S. 378 (1989). The Canton Court explained that there are "limited circumstances" in which an allegation of a municipality's failure to train can be the basis of a §1983 claim against the municipality. Id. at 387. The Court held that "the inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact." Id. at 388. The Court explained that a municipality may be liable under §1983 for the failure to train "only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a policy as defined by our prior cases[.]" Id. at 389.

The Canton Court further explained that it is not enough to show that the municipality

is responsible for the training program in question. Id. It is not enough to establish that a particular officer has been unsatisfactorily trained, for the officer's shortcomings may be the result of factors other than a faulty training program. Id. at 390. It is not enough to allege that an incident would not have happened if an officer had "better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal." Id. at 392.

As the Canton Court recognized, "in virtually every instance where a person has had his or her constitutional rights violated by a city employee, a §1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." Id. The Canton Court thus concluded that a municipality's alleged failure to train will give rise to liability only where the failure to train "reflects deliberate indifference to the constitutional rights of its inhabitants." Id. at 392.[3]

The Third Circuit has held that a Plaintiff pressing a §1983 claim must identify a failure to provide specific training that has a causal nexus with his injuries and must demonstrate that the absence of specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred. Pahler v. City of Wilkes-Barre, 31 Fed. Appx. 69 (3d Cir. 2002). Plaintiff in this matter must demonstrate facts which would demonstrate that a lack of specific training caused the incident in question and was the result of the ***conscious choice*** of City policymakers. Plaintiff has utterly failed to do prove any of the failure to train requirements here and therefore, his Monell claims must be dismissed.

---

[3] Justice Ginsberg, in her concurrence, points out, "Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of Monell are satisfied. Only then can it be said that the municipality has made "'a deliberate choice to follow a course of action ... from among various alternatives.'" Id. at 396 (quoting Id. at 389 (White, J.) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483–484 (1986))).

**WHEREFORE**, the Defendants respectfully request that this Court grant their motion for summary judgment and enter judgment in favor of the Defendants as a matter of law.

Respectfully submitted,

Date: May 20, 2016

/s/ Kristen M. Davis
Kristen M. Davis
Assistant City Solicitor
Pa. Attorney ID No. 312680
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
kristen.davis@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLYN DEVON PRILLERMAN** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **13-1414** |
| vs. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

    I hereby certify that on this date I caused a copy of Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment to be filed electronically, such that the Motion is available for viewing and downloading from the ECF System of the U.S. District Court for the Eastern District of Pennsylvania, and to be served upon the following, via first class mail, postage prepaid:

        **FRANKLYN DEVON PRILLERMAN**
        **123 E. POMONA STREET**
        **PHILADELPHIA, PA 19144**

Date: <u>May 20, 2016</u>                             <u>/s/ Kristen M. Davis</u>
                                                                           Kristen M. Davis
                                                                           Assistant City Solicitor
                                                                           Pa. Attorney ID No. 312680
                                                                           City of Philadelphia Law Department
                                                                           1515 Arch Street, 14th Floor
                                                                           Philadelphia, PA 19102
                                                                           (215) 683-5445
                                                                           kristen.davis@phila.gov