IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLYN DEVON PRILLERMAN** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 13-1414 |
| | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |
| **Defendants.** | : | |

MEMORANDUM OPINION

Rufe, J.                                                                                                August  10,  2016

Plaintiff, who is proceeding *pro se*, filed suit under 42 U.S.C. § 1983, challenging the conditions of his confinement in the Curran Fromhold Correctional Facility ("CFCF") in Philadelphia.  Plaintiff alleges that his constitutional rights were violated when he was denied access to his attorney and when a correctional officer denied Plaintiff access to the toilet in his assigned cell, causing Plaintiff to urinate on himself, an action which Plaintiff attributes to the City's policy of permitting overcrowding in the housing unit.  Defendants have moved for summary judgment.  For the reasons set forth below, the motion will be granted.

**I.    FACTS**

The parties have stipulated to the following facts for purposes of summary judgment.  In 2010, Plaintiff was placed on probation after a criminal conviction in Arkansas.  Plaintiff then returned to Philadelphia.  On November 29, 2012, Plaintiff was arrested for violating the conditions of his Arkansas probation and detained at CFCF, pending his extradition to Arkansas.  On December 11, 2012, Plaintiff was taken to a video conference hearing room at CFCF for an extradition hearing.  Before the hearing, Plaintiff spoke with his attorney by telephone on the instructions of Correction Officer Lynch, who directed Plaintiff to answer only "yes" to any

questions asked by the attorney. In the video hearing, Plaintiff agreed to waive extradition after being questioned on the record.

On December 11, 2012, Plaintiff was in the day room at CFCF, participating in recreational time. He asked Correction Officer Melton to open his locked cell so that he could use the toilet, but Officer Melton did not immediately respond and Plaintiff urinated himself. Within five to ten minutes, Officer Melton conducted a tour and Plaintiff's cell was opened.

## II. STANDARD OF REVIEW

A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[2] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[4] Further, a court may not weigh the evidence or make credibility determinations.[5] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[6] "If the evidence is merely colorable, or is not significantly

---

[1] Fed. R. Civ. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Id.*

[4] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[5] *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

probative, summary judgment may be granted."[7] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[8] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[9] Finally, although the Court liberally construes Plaintiff's *pro se* filings, Plaintiff must set forth facts, supported by affidavits or other evidence of record, sufficient to survive summary judgment.[10]

**III.   DISCUSSION**

    *A. Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act of 1995 ("PLRA")[11] was enacted in part "to reduce the quantity . . . of prisoner suits," one component of which is an "invigorated" exhaustion provision,[12] which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.[13]

A prisoner must exhaust all "available" remedies and cannot proceed to trial without pursuing all properly sought remedies through the prison grievance system, even if the grievance

---

[7] *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

[8] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir. 1976)).

[9] *Wisniewski v. Johns-Manville Cor*p., 812 F.2d 81, 83 (3d Cir. 1987).

[10] *Houseknect v. Doe*, 653 F. Supp. 2d 547, 555 (E.D. Pa. 2009).

[11] 42 U.S.C. § 1997e *et seq.*

[12] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[13] 42 U.S.C. § 1997e(a).

system could not afford him the relief he seeks.[14] Defendants argue that although Plaintiff filed a grievance, he failed to follow through with pursuing additional administrative remedies. The Court will not grant summary judgment on this basis, however, because Defendants have produced the grievance policy enacted in 2014, and have not shown that the same policy was in effect in 2012, and because it is not clear from the record when Plaintiff was transferred out of CFCF and therefore whether he had the opportunity to pursue further administrative remedies.[15]

### B. Eighth Amendment Claim

A prison official violates the Eighth Amendment when she acts with a sufficiently culpable state of mind in deliberate indifference to a known, objectively serious risk to a prisoner's health or safety.[16] In order to implicate the Eighth Amendment, a condition of confinement must be one that is deemed inhumane under contemporary standards or one that deprives an inmate of minimal civilized measure of the necessities of life.[17] Plaintiff has not demonstrated such conditions existed during his brief stay at CFCF. "The fact that [a prisoner] had to wait 15 minutes to access a toilet does not" rise to the level of a constitutional violation.[18] In this regard, the "temporary, everyday need to urinate does not constitute a serious medical need" as the Constitution requires.[19] Plaintiff argues that he was denied access to the toilet for a

---

[14] *Porter*, 534 U.S. at 524.

[15] The Court notes that although Plaintiff argues that the PLRA is unconstitutional, as the Court's ruling is not based on the failure to exhaust or any other provision of that law, it will not address that argument.

[16] *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

[17] *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

[18] *Stewart v. Varano*, 601 F. App'x 107, 110 (3d Cir. 2015).

[19] *Id.* (internal quotation marks and citation omitted).

total of 25 minutes, which is not an appreciably longer time than that at issue in *Stewart*.[20] For these reasons, Plaintiff cannot prevail on this claim, either against Defendant Melton, or against the City of Philadelphia pursuant to a *Monell* claim that the injury occurred pursuant to a policy or custom of the City.[21]

        C.     *First or Sixth Amendment Claim*

It is not clear whether Plaintiff's claim that he was instructed only to answer "yes" to his attorney's questions alleges a violation of the right to access of the courts under the First Amendment or a violation of the right to counsel under the Sixth Amendment, but Plaintiff cannot prevail under either theory in this case.

An inmate who alleges a violation of the right of access to the courts must be able to show an actual injury.[22] Actual injury can be demonstrated by showing that the defendant's actions resulted in the "loss or rejection of a legal claim."[23] The lost or rejected legal claim must be specifically identified and meritorious.[24] Here, Plaintiff has not shown that he lost any claim or that his extradition was affected in any way by the correction officer's directive.[25]

To establish a violation of rights under the Sixth Amendment, Plaintiff must be able to show that he had a right to counsel at his extradition hearing. The courts have held that an

---

[20] Plff.'s Opp. Summ. J. at 14. Plaintiff also has presented no evidence that Defendant Melton intended, or was deliberately indifferent to, a risk to Plaintiff's health, or that such a risk was serious. *See Woloszyn v. County of Lawrence*, 396 F.3d 314, 321 (3d Cir. 2005).

[21] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). To the extent Plaintiff has alleged that there is overcrowding at CFCF, he has not presented evidence on that point, and as the overcrowding claim related only to the delay in giving Plaintiff access to his cell, there has been no constitutional violation in any event.

[22] *Lewis v. Casey*, 518 U.S. 343, 350 (1996).

[23] *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997).

[24] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

[25] Even if the extradition proceeding were carried out improperly, Plaintiff could not challenge its legality once he was returned to Arkansas. *Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003).

extradition hearing is not part of an adversary judicial proceeding and the right to counsel therefore does not attach.[26] Plaintiff therefore was not deprived of a constitutional right, and no liability may be imposed against either Correction Officer Lynch or the City.[27]

## IV. CONCLUSION

Because Plaintiff cannot establish that he has been subjected to the violation of a right protected by the United States Constitution, Defendants' motion for summary judgment will be granted. An order will be entered.

---

[26] *See Anderson v. Alameida*, 397 F.3d 1175, 1180 (9th Cir. 2005); *DeSilva v. Leonardi*, 181 F.3d 865, 868 (7th Cir. 1999); *Chewning v. Rogerson*, 29 F.3d 418, 421 (8th Cir. 1994); *McDonald v. Burrows*, 731 F.2d 294, 297 (5th Cir. 1984).

[27] Nonetheless, the Court is puzzled as to the reasons behind the purported directive limiting consultation with counsel, and the conclusion that Plaintiff's rights were not violated in this instance should not be taken as approbation or an indication that a constitutional violation would not result under other circumstances.