IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLYN DEVON PRILLERMAN** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **13-1414** |
| vs. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

# ORDER

And now, this _____ day of _____, 2018, upon consideration of Defendants, City of Philadelphia and Correction Officer Tanya Lynch, Motion for Summary Judgment, and Plaintiff's response thereto, it is hereby **ORDERED and DECREED** that Defendants' Motion for Summary Judgment is granted and all of Plaintiff's claims are **DISMISSED** with prejudice.

BY THE COURT:

_____

Rufe, J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLYN DEVON PRILLERMAN** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **13-1414** |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Defendants City of Philadelphia and Correction Officer Tanya Lynch ("Defendants"), by and through the undersigned counsel, hereby file this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Honorable Court's Policies and Procedures.

**I.    Issues and Subissues**

1. No reasonable jury could find that Plaintiff has met his burden of showing that Defendants violated his Fourteenth Amendment Due Process rights. To bring a procedural due process claim, a litigant must allege facts which plausibly suggest "that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *See Hill v. Borough of Kutztown*, 455 F.3d 225, 233-234 (3d Cir. 2006) (citations and quotations omitted).

2. Even if the Court disagrees with the foregoing argument, qualified immunity bars Plaintiff from suing the individual Defendant. Qualified immunity shields officers from liability unless it is "beyond debate" that the federal right they allegedly violated was "clearly

2

established at the time of the challenged conduct." *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013) (internal quotations omitted). A right only qualifies as clearly established if its "contours . . . are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *See Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2078 (2011) (citations and quotations omitted) (emphasis added).

3. Plaintiff failed to file a grievance and thus never exhausted his administrative remedies as required by the Prisoner Civil Rights Litigation Reform Act. *See Nelson v. Warden of Curran-Fromhold Corr. Facility*, 461 F. Supp. 2d 316, 318-19 (E.D. Pa. 2006) (citing PPP 3.F.10, July 29, 2005 and granting defendants' motion for summary judgment for inmate's failure to comply with the applicable grievance policies set forth therein); *Harvey,* 253 F. Supp. 2d at 830-32.

    a. Even if an incarcerated plaintiff establishes that (s)he has filed a grievance with respect to an issue, the administrative remedies are not "exhausted" until the individual has filed a formal appeal or forwarded such grievance to the prison commissioner. *See Wilson v. Burke,* No. 09- 2961, 2012 WL 4108926, at *5 (E.D. Pa. Sept. 18, 2012).

4. No reasonably jury could find that Plaintiff met his burden of showing that a policy or custom, employed by the City of Philadelphia, was the proximate cause of Plaintiff's injury. Plaintiff must show that a particular policy or custom caused Plaintiff's injury. *See Watson v. Abington Twp*., 478 F.3d 144, 155 (3d Cir. 2007).

## II. <u>Absence of Legally Sufficient Evidentiary Basis</u>

Pursuant to Federal Rule of Civil Procedure 11, the undersigned counsel affirm that there is no legally sufficient evidentiary basis to support Plaintiff's claims against the Defendants with respect to the issues set forth above.

## III. <u>Statement of Stipulated Facts</u>[1]

1. In 2010, Plaintiff was placed on probation following a conviction in the State of Arkansas. After being placed on probation in Arkansas, Plaintiff returned to Philadelphia, Pennsylvania.

2. On November 29, 2012, Plaintiff was arrested for violation of his Arkansas probation. Plaintiff was incarcerated at Curran-Fromhold Correctional Facility while awaiting his extradition hearing in the City and County of Philadelphia, Pennsylvania.

3. The Philadelphia Prison System followed Philadelphia Prison Policy Number 1.G.3 (2000) when conducting video conferencing between inmates and agencies and agents of the criminal justice system.

4. On December 11, 2012, Plaintiff participated in a video conference extradition hearing. Plaintiff was taken to the video conference hearing room at Curran-Fromhold Correctional Facility where he was instructed by Correction Officer Lynch to speak to his attorney via telephone.

5. Correction Officer Lynch instructed Plaintiff to only say "yes" to questions posited by his attorney during their telephone conversation.

---

[1] As is required by Your Honor's Policies and Procedures, the parties have agreed to a concise set of facts for the *exclusive purpose* of Defendant's Motion for Summary Judgment only.

6. Plaintiff spoke to his attorney, via telephone, in a room with other inmates as well as Correction Officer Lynch.

7. The telephone conversation with Plaintiff's attorney occurred before his video hearing was initiated with the assigned Judge.

8. When the video conference began, Plaintiff was colloquied, on the record, regarding his decision to waive extradition.

## IV.  Relief Requested

**WHEREFORE**, the Defendants respectfully request that this Court grant their motion for summary judgment and enter judgment in favor of the Defendants as a matter of law.

Respectfully submitted,

Date: March 12, 2018

_/s/Tara Fung_____
Tara Fung
Assistant City Solicitor
Pa. Attorney ID No. 320116
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
Tara.fung@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANKLYN DEVON PRILLERMAN** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **13-1414** |
| vs. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a copy of Defendants' Motion for Summary Judgment to be filed electronically, such that the Motion is available for viewing and downloading from the ECF System of the U.S. District Court for the Eastern District of Pennsylvania. I also certify that a copy of Defendant's Motion for Summary Judgment has been sent to Plaintiff, via certified mail, to the following address:

        **FRANLKYN DEVON PRILLERMAN**
        **39966 Malacca Street**
        **Murieta, CA 92562**

Date: <u>March 12, 2018</u>                   <u>/s/Tara Fung</u>
                                                         Tara Fung
                                                         Assistant City Solicitor
                                                         Pa. Attorney ID No. 320116
                                                         City of Philadelphia Law Department
                                                         1515 Arch Street, 14th Floor
                                                         Philadelphia, PA 19102
                                                         (215) 683-5445
                                                         Tara.fung@phila.gov