IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLYN DEVON PRILLERMAN<br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, *et al.*<br>Defendants. | :<br>:<br>:<br>:     CIVIL ACTION NO. 13-1414<br>:<br>:<br>:<br>: |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                  **November 4, 2019**

Plaintiff, who is proceeding *pro se*, filed suit under 42 U.S.C. § 1983, challenging the conditions of his confinement in the Curran Fromhold Correctional Facility ("CFCF") in Philadelphia. After an appeal from an earlier ruling, the remaining issue in the case is Plaintiff's claim that Defendants violated his constitutional right to procedural due process by preventing him from speaking freely with a defense attorney during an extradition hearing held by videoconference. Defendants have moved for summary judgment on this claim.[1]

**I. FACTS**

The following facts are uncontested for purposes of summary judgment. In 2010, Plaintiff was placed on probation after a criminal conviction in Arkansas. Plaintiff then returned to Philadelphia. On November 29, 2012, Plaintiff was arrested for violating the conditions of his Arkansas probation and detained at CFCF, pending his extradition to Arkansas. Plaintiff testified in his deposition that about a week before the extradition hearing he met for

---

[1] Plaintiff's response mentions an equal protection claim, but the decision of the Third Circuit is clear that the only remaining claim is for procedural due process. *Prillerman v. Warden Curran Fromhold*, 714 F. App'x 184, 186 (3d Cir. 2017). The Third Circuit expressly did not rule on the merits of the procedural due process claim, remanding it for consideration by this Court in the first instance. *Id.*

approximately 10 minutes with a paralegal from the public defender's office who explained his options regarding whether to waive extradition.[2] Plaintiff testified in his deposition that on December 11, 2012, those detainees with hearings scheduled were brought into a room, where Officer Lynch was stationed, and then each had a hearing in turn under the following procedure:

> Once we sit down [Officer Lynch] verifies who we are off a list, explains that we are going to have a hearing on video, shows us where the video thing is, and then she says . . . "I'm going to call the public defender. When I put you on the phone do not discuss your case with him, only answer yes to the questions he asks you." Okay. So all of us followed that order from her and the public defender, I can't remember the questions he asked, but they were more like identification questions than anything else. And she also instructed us not to address the camera, the video, unless they address us. So at the time they did the colloquy about waiving extradition.
>
> Q     Who did that, do you remember?
>
> A     I think it was the lawyer asking the questions. I don't think it was the judge asking questions, I think it was the lawyer asking — this is what I can remember — the lawyer asking the questions. And once that colloquy was done she, Officer Lynch, gave you a paper to sign.[3]

Thus, present in the room were several detainees, Officer Lynch, and a video monitor with a live feed of the judge, the defense attorney, and the prosecutor.[4] Plaintiff's colloquy took four minutes, and then he signed the waiver of extradition given to him by Officer Lynch.[5]

## II.     STANDARD OF REVIEW

A court will award summary judgment on a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the

---

[2] Prillerman Dep. [Doc. No. 74-1] at 20, 22.

[3] *Id.* at 24.

[4] *Id.* at 25-26.

[5] *Id*. at 27-28.

[6] Fed. R. Civ. P. 56(a).

2

governing [substantive] law."[7] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[9] Further, a court may not weigh the evidence or make credibility determinations.[10] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[11] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[12] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[13] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[14] Finally, although the Court liberally construes Plaintiff's *pro se* filings, Plaintiff must set forth facts, supported by affidavits or other evidence of record, sufficient to survive summary judgment.[15]

---

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8] *Id.*

[9] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[10] *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[12] *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

[13] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir. 1976)).

[14] *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

[15] *Houseknecht v. Doe*, 653 F. Supp. 2d 547, 555 (E.D. Pa. 2009).

## III. DISCUSSION

### A. Failure to Exhaust or to Request Specific Damages

Defendants argue, as they did previously, that Plaintiff failed to exhaust his administrative remedies. Defendants acknowledge that Plaintiff did file a grievance just before he was transferred out of CFCF, but have not shown any evidence of a response. The Third Circuit recently held that "as soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement."[16] Thus, summary judgment is not warranted on this basis.

Defendants next argue that because Plaintiff did not suffer any physical injury he cannot obtain compensatory damages under the PLRA, and that he did not specifically seek nominal or punitive damages in the Amended Complaint. However, "the PLRA does not limit a prisoner's ability to obtain nominal or punitive damages," and the Court of Appeals therefore was "not convinced that Prillerman's claim necessarily fails due to the unavailability of damages."[17] Given Plaintiff's *pro se* status, the Court will not prevent him from pursuing an otherwise valid claim based on a failure to specifically request nominal damages.[18]

### B. Procedural Due Process Claim

To succeed on a procedural due process claim, Plaintiff must show that: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide

---

[16] *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019).

[17] *Prillerman*, 714 F. App'x at 186.

[18] *See Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000).

4

'due process of law.'"[19] Plaintiff "must, at a minimum, prove recklessness or gross negligence and in some instance may be required to show a deliberate decision to deprive the plaintiff of due process."[20] Additionally, to prevail on his claim against the City of Philadelphia, Plaintiff must show an unconstitutional policy, custom, or failure to train.[21]

Defendant's motion for summary judgment will be granted. The Third Circuit affirmed the dismissal of Plaintiff's claim under the Sixth Amendment, because the right to counsel does not attach to extradition hearings.[22] Because he had no right to counsel, Plaintiff similarly cannot state a due process claim that he was denied the opportunity to consult with counsel at the hearing. Plaintiff does not assert that he did not understand the proceedings or that in the absence of Officer Lynch's instructions he would have answered the questions about his identity differently.[23] Thus, Plaintiff received the process he was due in the context of an extradition hearing.[24] An order will be entered.

---

[19] *Mulholland v. Gov't Cty. of Berks,* 706 F.3d 227, 238 (3d Cir. 2013) (quoting U.S. Const. amend. XIV, § 1).

[20] *Id.* (internal quotation marks and citation omitted).

[21] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978).

[22] *Prillerman*, 714 F. App'x at 185 (citations omitted).

[23] Although Plaintiff prevailed in an appeal of the revocation proceeding in Arkansas after his extradition, *Prillerman v. State*, 2014 Ark. App. 46 (Ark. Ct. App. 2014), the Pennsylvania state court's extradition order has not been set aside or reversed, and a claim for damages based on the extradition itself would be barred by the rule in *Heck v. Humphrey. See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[24] *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal quotation marks and citations omitted). The fact that summary judgment is warranted under the circumstances of this case should not be taken as a ruling on the appropriateness of Officer Lynch's directive.